IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSAN HYLTON,

        Plaintiff,

vs.                                                    Case No. 2:19-cv-01155-KWR-CG

BOARD OF COUNTY COMMISSIONERS FOR
THE COUNTY OF DONA ANA, TIARA GOMBOA,
AURORA TERRAZAS, and VICKI HOOSER,

        Defendants.

**ORDER DENYING WITHOUT
PREJUDICE MOTIONS FOR SUMMARY JUDGMENT**

**THIS MATTER** comes before the Court upon Defendants' Motions for Summary Judgment on the Basis of Qualified Immunity as to Count II-IV (**Docs. 77, 79, 80**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's Rule 56(d) affidavit is well taken. Therefore, the Court will deny the motions without prejudice pending the limited discovery identified in Plaintiff's Rule 56(d) affidavit. *See* **Doc. 89-3.** Defendants may refile the Motion (**Docs. 77, 79, and 80**) as one single motion for summary judgment following completion of the limited discovery.

Plaintiff requests Rule 56(d) discovery in response to motions that raised the defense of qualified immunity. "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity." *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir.), *cert. denied*, 135 S. Ct. 881 (2014) (citing *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004)). However, Rule 56(d)(2) authorizes a Court to allow time to obtain discovery where the party opposing

summary judgment shows that "it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d)(2). These facts must be presented in the form of an affidavit. *See* Fed. R. Civ. P. 56(d). While the affidavit "need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." *Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (referring to Rule 56(f), which was recodified as Rule 56(d) by amendments effective December 1, 2010). "The nonmovant must also explain how additional time will enable [her] to rebut the movant's allegations of no genuine issue of material fact." *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)).

This burden is somewhat elevated in qualified immunity cases because officials have "a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quotations omitted). "Because 'the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery' ... there is a strong policy justification for staying discovery and for refusing requests for additional discovery once a defendant invokes qualified immunity as a defense." *Martin v. County of Santa Fe*, 626 Fed.Appx. 736, 740 (10th Cir. 2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).

However, "[a]lthough an assertion of qualified immunity heightens the Rule 56(d) burden, 'limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity.' " *Gomez v. Martin*, 593 Fed.Appx. 756, 760–61 (10th Cir. 2014) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 593 n.14 (1998)). "[T]he plaintiff bears the burden of demonstrating 'how such discovery will raise a genuine fact issue as

to the defendants' qualified immunity claim.' " *Martin*, 626 Fed.Appx. at 740 (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)).

Plaintiff requested limited jurisdictional discovery in her response and in a proper Rule 56(d) affidavit, **Doc. 89-3,** and Defendants did not respond to this argument or the Rule 56(d) affidavit. *See* **Doc. 93.** The Court generally considers unaddressed arguments or motions to be unopposed. *See, e.g.,* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); *see also Northcutt v. Fulton,* No. CIV-20-885-R, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020), *citing Rock Roofing, LLC v. Travelers Cas. & Sur. Co.*, 413 F. Supp. 3d 1122, 1128 (D.N.M. 2019) (plaintiff's failure to respond to defendant's argument waived the issue), *Zane v. Kramer*, 195 F. Supp. 3d 1243, 1256 (W.D. Okla. 2016) (plaintiff waived claim where he did not respond to argument raised in defendants' summary judgment motion), *and Palmer v. Unified Gov't of Wyandotte Cty./Kan. City, Kan.*, 72 F. Supp. 2d 1237, 1250–51 (D. Kan. 1999) ("[T]he court deems plaintiff's failure to respond to an argument raised in defendants' papers tantamount to an express abandonment of any such claim."). Although Defendants filed a motion to stay months earlier, it generally did not address the issues identified in the Rule 56(d) affidavit and was filed months before these summary judgment motions were filed.

Alternatively, the Court finds that Plaintiff has carried her Rule 56(d) burden. Plaintiff must show "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (citations and internal quotation marks omitted). Plaintiff's affidavit appears to satisfy these requirements. Here,

discovery has been stayed and she has been unable to conduct any depositions. She requests limited discovery, identifies the witnesses to be deposed, and identifies the limited questions she would ask them, which are tailored to overcoming the qualified immunity defense or creating a genuine dispute of fact as to matters that are material to the qualified immunity defense. Her requested discovery is not broad and does not go beyond matters necessary for her to overcome qualified immunity. Therefore, it appears that Plaintiff has made a *prima facie* case that she is entitled to limited Rule 56(d) discovery. The Court will not make arguments as to why Rule 56(d) discovery is in fact improper here on Defendants' behalf

Therefore, the Court will allow the limited discovery identified in the Rule 56(d) affidavit. Plaintiff is cautioned that she will not be allowed discovery in other matters unrelated to what she has identified in her affidavit. The Court expects discovery to be expeditiously conducted.

However, the Court will not allow Plaintiff's counsel a site visit of DACDC cells, given the COVID-19 pandemic, and security and administration concerns this could create for Defendants. The size of the cells already appears to be in the record. **Doc. 93, Ex. 14 and 15.**

Moreover, Plaintiff argued that Defendants' separate motions should be stricken and Defendants should refile them as one motion. Defendant argued that filing separate motions was more efficient but did not oppose the Court requiring them to refile the motions as one motion. **Doc. 93 at 5.** While there is nothing in Rule 56 prohibiting filing separate summary judgment motions, here there are significant overlapping facts for Counts II through IV. Under these circumstances, it would be more efficient to view one undisputed facts section omitting any duplicative facts, as opposed to three separate ones. Therefore, when the motions are refiled, the Court directs Defendants to file one motion with one undisputed fact section that omits duplicative facts.

**IT IS THEREFORE ORDERED** that limited Rule 56(d) discovery is allowed as specified above.

**IT IS FURTHER ORDERED** Defendants' motions for summary judgment **(Docs. 77, 79, 80)** are denied without prejudice. They may be refiled as one motion at the conclusion of the limited Rule 56(d) discovery.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**